UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RUSSELL HENRY, ET AL.** : **DOCKET NO. 2:17-cv-00380**

**VERSUS** : **UNASSIGNED DISTRICT JUDGE**

**SUNSHINE FREIGHT, INC., ET AL.** : **MAGISTRATE JUDGE KAY**

REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment [doc. 21] filed pursuant to Rule 56 of the Federal Rules of Civil Procedure by defendants L&J Freight, Inc. ("L&J") and Wesco Insurance Company ("Wesco"). Plaintiffs Russell Henry and Stacia Henry oppose the motion. Doc. 25. Defendants Reinaldo Quintanilla, Sunrise Freight, Inc. ("Sunrise"), and National Specialty Insurance Company ("National") also oppose summary judgment and to that end they adopt the arguments made in plaintiffs' memorandum in opposition. Doc. 26.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the Motion for Summary Judgment be **DENIED.**

I.
BACKGROUND

This case arises from an automobile accident that allegedly occurred on Interstate 10 in Calcasieu Parish, Louisiana. Doc. 1, att. 1, pp. 2–3. Plaintiffs allege that Quintanilla was driving a truck and trailer hauling oranges from Florida to California when he twice swerved into Russell's lane, striking his (Russell's) pickup truck. *Id.* at p. 3. The pickup became entangled with the trailer

and was dragged for a short distance on the highway before dislodging and crashing into a guardrail. *Id.*

Plaintiffs filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, seeking to recover for Russell's personal injuries, past and future physical and emotional pain, past and future medical expenses, lost wages, and future lost income. *Id.* at pp. 4–5. Russell's wife, Stacia, asserted claims for non-pecuniary injuries, including loss of consortium. *Id.* at p. 5. They named as defendants Quintanilla, Sunrise, National, Amtrust North America d/b/a Wesco Insurance Company, and L&J, as well as Sunshine Freight, Inc. ("Sunshine").[1] *Id.* at pp. 1–2. Plaintiffs maintain that Quintanilla's negligence caused the accident, Sunrise and/or L&J were his employer, and National and/or Wesco issued insurance policies covering the collision. *Id.* at pp. 3–4.

Sunrise and National removed the action to this court with the consent of their co-defendants on the basis of diversity jurisdiction. Doc. 1, pp. 3–6.[2] Wesco and L&J (collectively, "movants") then filed the instant motion for summary judgment, [doc. 21], seeking a declaration that L&J is not vicariously liable for Quintanilla's alleged negligence because he was never an L&J employee and L&J did not own the truck he was driving. Doc. 21, att. 6, pp. 4, 6.

## II.
### LAW & ANALYSIS

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for

---

[1] "Sunshine Freight, Inc." was named as multiple defendants, all with the same name, but makes only a single appearance in the suit.
[2] After removal, Wesco answered the lawsuit and stated that it was "incorrectly named as AmTrust North America d/b/a Wesco Insurance Company" in the original complaint. Doc. 10, p.1. Wesco also filed a corporate disclosure statement, asserting that it "is a subsidiary of its parent corporation, Amtrust North America, Inc.," [doc. 11, p. 1], which "is a wholly owned subsidiary of its parent corporation, AmTrust Financial Services, Inc." *Id.* at p. 2. Plaintiffs subsequently filed a motion to dismiss their claims against Sunshine and Amtrust North America, but reserved their rights against Wesco and the other named defendants. Doc. 15. District Judge Dee Drell granted the motion. Doc. 16.

identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

Movants assert that Quintanilla was never an L&J employee and "all of the other defendants" maintain that he was working only for Sunrise at the time of the accident. Doc. 21, att. 6, pp. 4–5. Plaintiffs do not contest that Quintanilla was a Sunrise employee. *See* doc. 25, att. 3, pp. 2–3. However, they contend that L&J should be deemed Quintanilla's statutory employer, based on the lease agreement, [doc. 21, att. 7, p. 65] that movants attached to the motion for

summary judgment and the use of L&J's Department of Transportation ID number on the vehicle operated by Quintanilla. Doc. 25, att. 3, pp. 8–13.

In their reply memorandum, movants argue that L&J is not vicariously liable under Louisiana law because, even if the lease is valid, Quintanilla was operating the truck exclusively for the benefit of Sunrise and thus L&J lacked "sole and exclusive direction and control of the vehicle." Doc. 27, pp. 2–3 (citing doc. 25, att. 9, pp. 8, 13–15 (deposition of Sunrise owner Ramon Perez)). They also urge that carrier-lessees should not be held liable when a driver was acting for the sole benefit of another carrier "or in direct contravention of a lease." *Id.* at pp. 3–4 (citing *White v. Excalibur Ins. Co.*, 599 F.2d 50, 53 (5th Cir. 1979) (citations omitted) (*superseded by regulation as noted in Simpson v. Empire Truck Lines, Inc.*, 571 F.3d 475 (5th Cir. 1996)).[3]

Movants' reliance on state law is misplaced, however, as the Fifth Circuit has held that federal regulations "preempt state law in tort actions in which a member of the public is injured by the negligence of a motor carrier's employee while operating an interstate carrier vehicle, [because] it is critical that [the] regulations and the lease mandated by them have supreme controlling significance." *Price v. Westmoreland*, 727 F.2d 494, 496 (5th Cir. 1984) (internal quotation and citation omitted); *see also Mendoza v. Hicks*, 2016 WL 915297, at *3 (E.D. La. Mar. 9, 2016) (holding that "a lessee is vicariously liable for the driver of its leased vehicle *regardless* of whether the driver qualifies as an employee or independent contractor under state law")

---

[3] Movants correctly quote *White*, but that case is distinguishable from the instant matter. In *White*, the driver of the defendant's leased vehicle caused an accident that resulted in the death of his co-worker, both of whom were the defendant's statutory employee under federal law. 599 F.2d at 52. The court reasoned that requiring the defendant to "assume the burden of liability for the harm caused by their leased vehicles without according them the protection given *employers* under state substantive law would broaden their exposure to suit beyond that to which *employers* in fact are subject." *Id.* at 53 (emphasis added). Thus, the plaintiff's cause of action arose solely under state worker's compensation statutes. *Id.* at 53–54. Here, L&J was not plaintiffs' employer and none of their claims are based upon worker's compensation laws.

(emphasis in original) (citing *Simpson*, 571 F.3d 475 (5th Cir. 1996)). Thus, to determine whether summary judgment is appropriate, we must decide whether the lease is valid under federal law.

For many decades, motor carriers have tried to shield themselves from liability for driver negligence by leasing vehicles from individual owner-operators or other business entities and nominally classifying the drivers of those vehicles as "independent contractors." *See White*, 599 F.2d at 52 (citations omitted). The result was "public confusion as to who was financially responsible for the vehicles" and in the litigation that followed, "a round robin of finger pointing by carriers, lessors, owners and drivers . . . and insurers." *Mendoza*, 2016 WL 915297, at *2 (internal quotations and citations omitted). In response, Congress granted the Interstate Commerce Commission ("ICC") authority to regulate interstate transportation, including power to define employment relationships and set rules for leasing equipment. *Jackson v. O'Shields*, 101 F.3d 1083, 1084 (5th Cir. 1996).[4] Accordingly, the ICC promulgated the Federal Motor Carrier Safety Regulations ("FMCSR"), currently found at 49 C.F.R. § 350 *et seq.*

"One of the primary purposes of [these] leasing regulations is to ensure that carrier-lessees take control of and responsibility for leased equipment during the term of the lease." *Jackson*, 101 F.3d at 1086. The FMCSR requires that a lease agreement "provide that the authorized carrier lessee shall have exclusive possession, control, and use of the equipment for the duration of the lease [and] shall assume complete responsibility for the operation of the equipment for the duration of the lease." 49 C.F.R. § 376.12(c)(1). An "authorized carrier" is one "authorized [to transport] property as a motor carrier," 49 C.F.R. § 376.2(a), and is assigned a unique identification number by the Secretary of Transportation. 49 U.S.C. § 31134. When a lease exists between an ICC-

---

[4] Although Congress initially vested the ICC with regulatory authority over motor carriers through the Motor Carriers Act of 1935, *see Am. Trucking Ass'ns*, 73 S.Ct. at 310, it later abolished the ICC through the Termination Act of 1995, Pub.L. No. 104–88, 1995 U.S.C.C.A.N. (109 Stat.) 803, and transferred its powers to the Surface Transportation Board, which is part of the DOT. 49 U.S.C. § 1302; *see also Simpson*, 571 F.3d at 477.

authorized carrier and an owner of leased equipment, and the equipment bears the carrier's ICC placard, then the carrier-lessee is the statutory employer of the driver who operates that equipment and is "vicariously liable for injuries resulting from the use of the leased equipment." *Jackson*, 101 F.3d at 1086; *see Ste. Marie v. Midwest Freightways, Inc.*, 2007 WL 3244671, at *3 (W.D. La. Nov. 2, 2007) (citing *Simmons v. King*, 478 F.2d 857, 864–67 (5th Cir. 1973)).[5]

In this case, the lease agreement names Sunrise as lessor and L&J as lessee, provides for a one-year lease of a truck with vehicle identification number ("VIN") 1FUJAGAV82LJ19861, and was signed by the lessor, lessee, and a witness. Doc. 21, att. 7, p. 65. The VIN on the lease matches the one listed on the insurance contract for a 2002 Freightliner Columbia, [*id.* at p. 18], which is the same year, model, and make of the truck that Quintanilla testified he was driving at the time of the incident. Doc. 25, att. 8, p. 22.

Movants assert that the document is not a valid lease because it was not signed by an L&J representative. Doc. 27, p. 2. Laura Riquenes, who co-owns L&J with her husband, Jose Lopez Amado, testified that the signature on behalf of the lessee appeared to be her husband's name but did not match his usual signature. Doc. 25, att. 10, pp. 15–17.[6] However, Sunrise owner Ramono Perez maintained that he signed an agreement with L&J for a one-year lease of its truck. Doc. 25, att. 9, pp. 12–14.

Under our summary judgment standards above, the validity of Jose Lopez Amado's signature is a disputed issue of fact which must be resolved in non-movants' favor. *See, e.g.*, *Cooper v. Harvey*, 2016 WL 4427481, at *6 (N.D. Tex. Aug. 21, 2016) (whether signature was

---

[5] *See also Tolliver v. Naor*, 2001 WL 755403, at *1 (E.D. La. July 3, 2001) (citation omitted) (holding that when read together, 49 C.F.R. §§ 390.5 and 376.12(c)(1) impose statutory liability on a carrier-lessee if that person "permits a non-employee to operate the leased equipment and that operator causes damages.").

[6] Amado was unavailable to testify as to the authenticity of his signature because he was incarcerated at the time of the deposition. Doc. 25, att. 10, pp. 15–16.

made by defendant was "an issue of fact for the jury to decide"). There is thus a genuine issue of material fact as to L&J's liability, because if L&J leased the truck from Sunrise it may be held vicariously liable for Quintanilla's alleged negligent operation as his statutory employer. The motion for summary judgment should, therefore, be denied.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 21] be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 30th day of August, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE