UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RUSSELL HENRY, ET AL** | : | **CIVIL ACTION NO. 17-380** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **SUNSHINE FREIGHT, INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment filed by plaintiffs Russell and Stacia Henry ("plaintiffs"). Doc. 28. Defendants Reinaldo Quintanilla, Sunrise Freight, Inc., and National Specialty Insurance Company (collectively referred to as "defendants") oppose the motion. Doc. 30.

The motion has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636. For the reasons that follow it is recommended that the motion be **GRANTED**.

### I.
### BACKGROUND

This case arises from an automobile accident that occurred on Interstate 10 in Calcasieu Parish, Louisiana. Doc. 1, att. 1, pp. 2-3. Plaintiffs allege that defendant, Mr. Quintanilla, was driving an 18-wheeler tractor-trailer westbound in the inside lane of Interstate 10 when he twice swerved in Mr. Henry's lane striking his pickup truck. *Id.* Mr. Henry's vehicle was travelling in the right lane of Interstate 10 and when Mr. Quintanilla's 18-wheeler entered his lane the second time the vehicles became entangled. *Id.* at p. 2. Mr. Henry's pickup was dragged for a short distance on Interstate 10 before dislodging and crashing into a guardrail. *Id.* Following the accident, Quintanilla's 18-wheeler continued to travel down Interstate 10 and was flagged down by another motorist and eventually pulled to the shoulder. *Id.*

Plaintiffs move for summary judgment alleging that the undisputed facts show that Mr. Quintanilla was 100% at fault in causing the accident, that he was in the course and scope of his employment with Sunrise Freight, Inc. at the time of the accident, and that he is insured under the National Specialty Insurance Policy as a permissive driver and employee of Sunrise Freight, Inc. Doc. 28.

Defendants maintain that Mr. Quintanilla, "did not realize he was in an accident." Doc. 30, p. 6. According to Mr. Quintanilla's deposition testimony, he "never felt the hit." Doc. 28, att. 8, p. 5. In opposing the motion defendants maintain that summary judgment is not proper because there are two versions of events surrounding the accident which create issues of material fact that must be resolved by the trier of fact. Doc. 30, p. 2. Defendants further maintain that factual issues remain regarding whether or not Mr. Henry's negligence contributed to the accident. *Id.* at pp. 6-8. Defendants do not dispute, however, that Mr. Quintanilla was in the course and scope of his employment with Sunrise Freight, Inc. at the time of the accident and that he was a permissive driver under the policy of insurance issued to National Specialty Insurance. *Id.* at p. 8.

## II.
### LAW AND ANALYSIS

#### A. *Summary Judgment Standard*

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### B. Applicable Law and Analysis

In a diversity case federal courts must apply state substantive law. *Erie R.R. Co. v Tompkins*, 58 S.Ct. 817 (1938); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191 (5th Cir.2007). Both parties agree that Louisiana Revised Statute 32:79 is applicable here. That statute provides, in part;

> Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply.
>
> (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

La. Rev. Stat. § 32:79. The case of *Bethel v National Indemnity Ins. Co.*, 2017 WL 125028 (M.D. La. Jan. 12, 2017), a case cited by plaintiffs in brief, is instructive on the law. In that case an 18-

wheeler changed lanes from the left to the center lane and struck plaintiff's vehicle that was travelling in the center lane. *Id.* at *1. The driver of the 18-wheeler claimed that he checked his mirrors and turned on his turn signal before moving into the center lane but because plaintiff's car was "beyond his sight" he did not see her as he moved into the center lane. *Id.* The defendant also alleged that plaintiff contributed to the collision by failing to appropriately react to the situation. *Id.* The court granted plaintiff's motion for summary judgment finding the driver of the 18-wheeler solely at fault in causing the accident. *Id.* at *4. Relying on Louisiana Revised Statute 32:79(1) and the Louisiana Supreme Court case of *Brewer v. J.B. Hunt Transport, Inc.*, 35 So.3d 230, 241 (La.2010), the court noted that "Louisiana law requires that [the driver of the 18-wheeler] must have ascertained, before he moved from the left to center lane, that he could have done so safely without hitting [plaintiff's] car." *Id.* at *2. The court further found that the driver of the 18-wheeler owed "a greater duty of care as a motorist changing lanes than the duty owed by [plaintiff] who was travelling straight in the center lane." *Id.*

In rejecting defendant's argument that plaintiff was contributorily negligently, the court stated that under Louisiana law, "the defendant bears the burden of proving contributory negligence/comparative fault by a preponderance of the evidence" and must also prove that "*such negligence was a contributory cause.*" Id. at *3 (citing *Barnes v. Quinlan*, 2002 WL 31375606 (E.D. La Oct. 22. 2002, and *Hano v. La. Dept. of Trans. and Dev.*, 519 So.2d 796, 798 (La. App.1 Cir. 10/29/2010 (emphasis original)). Noting defendant's lack of any summary judgment evidence of fault on the part of plaintiff or any evidence that plaintiff was a cause-in-fact of the accident, the court determined that defendant was 100% at fault for the accident.

The case before us presents a similar factual scenario. While defendants urge the court to find that there are "two different versions" of the accident and that material facts regarding the cause of the accident are in dispute, the evidence does not support their argument. Doc. 30, pp 1-2.

In Mr. Henry's deposition, which is offered as evidence in support of the motion, he testified as follows regarding the accident:

> A. We were on the interstate.
> Q. Okay.
> A. He was in the left lane. I was in the right lane.
> Q. Yes, sir.
> A. We were coming in. We were coming back to Sulphur, west bound. I was on the side of him. I was passing.
> Q. Okay.
> A. When I was passing him in the right lane, he merges forward into the right lane to switch lanes.
> Q. Where exactly were you in your passing maneuver when he started to mover over?
> A. At his truck?
> Q. Yes, sir.
> A. At his rear tractor tires.
> Q. Okay. So the front of your pickup truck was at the rear of this [sic] tractor tires when he started to move over?
> A. Correct.
> Q. Did you see any turn signals from the truck, from the tractor trailer?
> A. No, sir because I was too far up.
>
> . . .
>
> A. The tires, his rear tractor tires caught the truck first.
> Q. Okay.
> A. When he came over, he caught the tires and the side of the truck--
> Q. Okay.
> A. --where the door mirror is.
> Q. All right. Okay. Your door mirror.
> A. My door mirror.
> Q. Okay.
> A. He merged back.
> Q. He went to the left?
> A. Then he came back again.
> Q. Okay.
> A. He hit me and he hit me again. My truck hung on his trailer.

> Q. Okay
> A. And he drug me.

Doc. 28, att. 9, pp. 4-5, 6.

Mr. Quintanilla's deposition testimony regarding the accident, which is also offered as evidence in support of the motion, is as follows:

> Q. Mr. Quintanilla, this is a vehicle of the man who says that he was involved in this accident with you on April '16. Have you even seen that vehicle before?
> A. No.
>
> . . .
>
> Q. And as far as you know, your testimony is you were not involved in any collision on Interstate 10 in the City of Lake Charles on April 2, 2016?
> A. I never felt anything. I never felt the hit. I never felt anything. If not, I would have stopped because I – I would have stopped.

Doc. 28, att. 8, p. 5. Mr. Quintanilla further testified as follows regarding Mr. Henry's vehicle:

> Q. Since you did not see this vehicle, which is shown in Exhibit 1, can you tell us anything about how he was operating his vehicle?
> A. I didn't even see him. How I'm going to know that?
> Q. So, you did not know whether he was speeding –
> A. No, I never saw that truck ever.
> Q. -- or driving unsafely?
> A. I told you, I never saw that truck.

Doc. 28, att. 8, pp. 7-8.

As counsel for plaintiffs aptly summarized the deposition testimony, there are not two versions of how this accident occurred; there is Mr. Henry's version and Mr. Quintanilla's "non-version." Doc. 32, p. 2. While Mr. Quintanilla claims that he was not aware that he was involved in an accident, he never denies that an accident happened and, in fact, defendants never suggest that an accident did not occur. The evidence before the court shows that Mr. Quintanilla failed to determine, before making a lane change, that it could be made safely without endangering other motorists. Defendants

offer no evidence to dispute these facts. Plaintiffs have shown that there is no genuine issue of material fact as to Mr. Quintanilla's fault in causing the accident.

We now turn to defendants' allegation that Mr. Henry's negligence contributed to the accident. Defendants rely on Louisiana Revised Statute 32:74 which states in part:

> A. The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:
>
> . . .
>
> (2) Upon a one-way street, or upon a highway on which traffic is restricted to one direction of movement, where the highway is free from obstructions and of sufficient width for two or more lines of moving vehicles;
>
> (3) Upon multiple-lane highways.
>
> B. The drive of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main traveled portion of the highway.

La. Rev. Stat. § 32:74. Defendants argue that "[p]laintiffs fail to submit any evidence that it was indeed safe for Mr. Henry to pass Mr. Quintanilla on the right, which is a required element of the statute." Doc. 30, p. 7. Defendants' argument is misplaced. As previously stated, the defendant — not the plaintiff — bears the burden of proving comparative fault and must additionally show that plaintiff's negligence was a contributory cause of the accident. *Brewer v. J.B. Hunt Transport, Inc.*, *supra*. In support of their argument that Mr. Henry was comparatively at fault, defendants cite to Mr. Henry's testimony where he candidly admits that as a general rule it is "probably not" a safe thing to pass a tractor trailer on the interstate. Doc. 30, att. 2. p. 4. This evidence is insufficient to show that in this instance Mr. Henry's actions were unsafe or that he was a cause-in-fact of the accident.

Here, the burden is on defendants, the non-moving party, to set forth "significant probative evidence" in support of their claim. *State Farm Life Ins. Co. v. Gutterman*, *supra*. Defendants have

failed to provide any evidence of Mr. Henry's comparative fault and have thus failed to establish a genuine issue of material fact. We find that plaintiffs' motion for summary judgment on the issue of liability should be granted.

Finally, we note that in defendants' "Stipulations and Undisputed Facts" submitted in connection with their opposition to the motion for summary judgment, they admit that "Mr. Quintanilla was in the course and scope of his employment with the defendant, Sunrise Freight, at the time of the accident." Doc. 30, p. 8. They also admit that "[a]s an employee of Sunrise Freight, Mr. Quintanilla was a permissive driver under the National Specialty Insurance Policy at the time of the accident." *Id.* Since these issues are not in dispute, we find that summary judgment should be granted on these issues as well.

### III.
#### CONCLUSION

For the reasons stated, it is **RECOMMENDED** that the Motion Summary Judgment [doc. 28] be **GRANTED** finding that defendant Reinaldo P. Quintanilla was solely at fault for causing the accident, that he was in the course and scope of his employment with defendant Sunrise Freight, Inc. at the time of the accident, and that he was a permissive driver under the National Specialty Insurance Policy at the time of the accident.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

**following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE AND SIGNED in Chambers this 17th day of September, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE